UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21678

VPR BRANDS, LP,

    Plaintiff,

v.

HQDTECH USA LLC AND NEPA 2 WHOLESALE, LLC,

    Defendants.

**PLAINTIFF'S RENEWED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR LEAVE TO AMEND IN RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

    Plaintiff VPR Brands, LP ("VPR" or "Plaintiff"), for its response to the motions to dismiss and motions for more definite statement and for its motion for leave to amend states as follows:

    1.    Plaintiff filed the original Complaint in this case against Defendant HQDTECH USA LLC ("HQDTECH") on May 3, 2021 (Doc. 1).

    2.    Plaintiff filed the First Amended Complaint against both HQDTECH and Defendant NEPA 2 WHOLESALE, LLC ("NEPA") (collectively, the "Defendants") in this case on June 16, 2021 (Doc. 11).

    3.    HQDTECH filed its Answer to VPR's First Amended Complaint on July 1, 2021 (Doc. 15).

    4.    NEPA filed its Answer to VPR's First Amended Complaint on July 14, 2021 (Doc. 23) followed by its First Motion for More Definite Statement and to Dismiss Count II of VPR's First Amended Complaint (Doc. 32).

5. VPR filed its first motion for leave to file its Second Amended Complaint on August 20, 2021 (Doc. 41) in response to NEPA's first motion for more definite statement and was granted by this court on August 23, 2021 (Doc. 44).

6. Plaintiff filed the Second Amended Complaint in this case on August 23, 2021 (Doc. 45).

7. NEPA filed its motion to dismiss Plaintiff's Second Amended Complaint and for a more definite statement on September 3, 2021 (Doc. 46).

8. HQDTECH filed its own motion to dismiss on September 7, 2021 joining NEPA's motion to dismiss (Doc. 47).

9. Fed. R. Civ. P. 15(a)(2) states that a party may amend its pleadings with the consent of the opposing parties, or the court's leave, and that "(t)he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

10. Attached as Exhibit 1 is Plaintiff's Third Amended Complaint that resolves all the issued raised in Defendants' motions to dismiss. Specifically, the Third Amended Complaint overcomes Defendants' claim that VPR has not sufficiently plead facts to support VPR's claims of infringement against Defendants, as well as specific products Defendants sell which infringe VPR's patent.

11. VPR's Third Amended Complaint also resolves the further issue raised by HQDTECH's motion to dismiss as to whether VPR's allegation of infringement makes factual allegations that Defendants' infringing products embody each and every element of the asserted claim raised within VPR's complaint.

12. The scheduling order sets a deadline of August 16, 2021 to file an amended complaint and join parties. (Doc. 13). Although that deadline was one month ago, it was prior to

Defendants' filings for more definite statement. While the proposed amendment does not technically comply with the scheduling order, it will cause no party prejudice.

13. The motions to dismiss and for a more definite statement filed by the Defendants are resolved by the proposed Third Amended Complaint attached.

14. Justice so requires Plaintiff be granted leave to amend the complaint.

## Certificate of Good Faith

In accordance with Local Rule 7.1 the undersigned counsel certifies that it conferred with counsel for both NEPA and HQDTECH prior to filing this motion. Counsel for Nepa did not consent. Counsel for HQDTECH responded without either approving or denying.

## Memorandum of Law

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "…with the opposing party's written consent…". The filing is in the interests of justice as it further details the basis to sue both defendants.

Nonetheless, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given freely when justice so requires. In interpreting Federal Rule of Civil Procedure 15(a), the United States Supreme Court has held that

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 226 (1962).

Liberal amendment standards facilitate the "Federal Rules' overall goal of resolving

disputes, insofar as possible, on the merits **in a single judicial proceeding**." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (emphasis added); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman*, 371 U.S. at 182.  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).  "District courts have only limited discretion to deny a party leave to amend the pleadings.  *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1110 (11th Cir. 1996).

"In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.' "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). The United States Supreme Court has emphasized that this mandate is to be heeded. As this mandate is to be heeded, there must be a justifying reason, for a court to deny leave to amend." *Gill v. Kostroff*, 2000 U.S. Dist. LEXIS 1153 (M.D. Fla. 2000), *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (stating that a "substantial reason" is needed).

Here, Defendants indicated they needed more information regarding the products at issue. The proposed Third Amended Complaint provides this information. Defendants also indicated that the second cause of action was not properly stated against it.  The proposed Third Amended Complaint addresses these issues.

WHEREFORE, VPR BRANDS, LP prays this Honorable Court for an order granting the motion for leave to amend and denying the motions to dismiss and for more definite statement as moot.

DATED: September 28, 2021                    Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for VPR Brands, LP*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 28, 2021, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

/s/ Joel B. Rothman
JOEL B. ROTHMAN

## SERVICE LIST

| | |
|---|---|
| Mr. Jonathan Ray Woodard | Mr. Alan Weisberg |
| Mr. John Cyril Malloy III | Ms. Elissa A. Tisdahl |
| Mr. W. John Eagan | Christopher & Weisberg, P.A. |
| Mallow & Malloy, P.L. | 1232 N. University Drive |
| 6751 N. Federal Highway | Fort Lauderdale, FL 33322 |
| Suite 300 | aweisberg@cwiplaw.com |
| Boca Raton, FL 33487 | etisdahl@cwiplaw.com |
| jwoodard@malloylaw.com | Attorneys for NEPA 2 Wholesale, LLC |
| jcmalloy@malloylaw.com | |
| johneagan@malloylaw.com | |
| Attorneys for HQDTECH USA LLC | |